**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **PNC BANK, N.A.,** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **2:12-cv-1470** |
| **v** | ) |
| | ) |
| **REPUBLIC MORTGAGE INSURANCE** | ) |
| **COMPANY,** | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is DEFENDANT'S MOTION TO DISMISS

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL (ECF No. 17) filed by

Republic Mortgage Insurance Company ("Republic"), with brief in support.  Plaintiff PNC Bank,

N.A. ("PNC") filed a response in opposition with numerous exhibits and Republic filed a reply

brief.  PNC did not attach the relevant insurance policies to its Amended Complaint.  However,

Republic has provided copies of Master Policy No. 39643, Mortgage Guaranty Pool Insurance

Policy No. N02PA10202, and the Commitment/Certificates issued pursuant to the policies for

each of the five loans cited as examples in the Amended Complaint.  PNC's claims are based on

these policies and there appears to be no dispute as to authenticity.  Accordingly, the Court will

consider the documents in ruling on the motion to dismiss.  *Pension Ben. Guar. Corp. v. White

Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The motion is ripe for disposition.


Factual and Procedural History

This complex insurance coverage dispute arises out of the "mortgage crisis" in the 2008-

2009 timeframe.  PNC, and its predecessor National City Corporation (collectively "PNC"),

originated home mortgage loans.  PNC purchased mortgage insurance coverage from Republic,

which was marketed as a means to protect lenders from the volatility of the mortgage market. Specifically, Republic sold a "flow" mortgage insurance policy to PNC, effective December 1, 1989. A "flow" policy is intended to insure against the risk of borrower default on a particular, individual loan even if that loan is sold by PNC in the secondary market. Republic also sold a "pool" policy to PNC, effective January 1, 2005. A "pool" policy covers loans that are submitted as part of a pooling, or grouping, arrangement or securitization and is intended to protect the lender against the risk of exposure to investors in the event of adverse economic conditions or increased borrower defaults.

Plaintiff alleges that it paid all premiums and complied or substantially complied with all of its duties under the Republic insurance policies. PNC alleges that Republic has wrongfully refused to provide coverage as required under the policies. Accordingly, PNC has been forced to repurchase loans and "stands the prospect of having to repurchase loans worth millions of dollars more in the near future." PNC alleges that Republic was aware of its underwriting practices, including "stated income" and "no income" loans. PNC further alleges that Republic raised no objections to these underwriting practices until after the real estate market collapsed and default rates soared. Republic has allegedly attempted to escape its coverage obligations through unreasonable, bad faith and wrongful rescissions and/or cancellations, in large part based on post-loss underwriting. PNC submits a list of 248 Disputed Loans and avers that Republic possesses an extensive file on each loan at issue.[1]

The 42-page First Amended Complaint recites substantial detail regarding the various grounds asserted by Republic for cancelling and/or rescinding coverage as to certain "example loans." The justification cited by Republic included misrepresentations by PNC as to: (1)

---

[1] Republic separates the 248 Disputed Loans into: (1) "Five Loans" which were used as specific examples in the Amended Complaint; and (2) 243 "List Only Loans."

borrower information; (2) information that was not required to be disclosed; (3) appraised property value; (4) borrower liabilities/debts; (5) missing documents; and (6) other miscellaneous grounds based on alleged improper interpretation of the insurance policies.  PNC avers that Republic engaged NIA Consulting ("NIA") to seek grounds for cancelling and/or rescinding coverage.

PNC seeks:  (1) Declaratory Judgment as to how the insurance policies should be interpreted and applied to the Disputed Loans and ongoing and future claims; (2) money damages for breach of contract; and (3) compensatory and punitive damages for insurer bad faith pursuant to 42 Pa.C.S.A. § 8371 and Ohio law.  The jurisdiction of this Court is based on the diversity of citizenship of the parties.

The original complaint in this case was filed in October 2012.  Republic filed a motion to dismiss.  Pursuant to a stipulation by the parties, PNC filed the instant Amended Complaint in lieu of a response to the initial motion.  Republic has now filed a Motion to Dismiss the Amended Complaint.


Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)  When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)).  However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v.*

*Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and

"accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with

nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.


<u>Legal Analysis</u>

Republic does not seek dismissal of the Amended Complaint in its entirety. Republic contends that the request for declaratory relief in Count I should be dismissed because: (1) the proposed declarations (a), (b) and (i) do not present live legal disputes; and (2) the Court should exercise its discretion to rule on the remaining proposed declarations because they are duplicative of the breach of contract claim. More generally, Republic contends that each loan must be considered separately, such that broad declaratory relief is not appropriate. Republic also argues that by asking the Court to toll the statute of limitations, PNC is attempting to create new rights that are unavailable under the insurance contracts. As to Counts II and III, Republic argues that PNC has pled only conclusory allegations of breach of contract and/or bad faith as to the 243 List Only Loans. Republic further contends that claims for insurer bad faith cannot be based on Certificate Nos. 0626138505 or 0708740509 because those certificates are not governed by Pennsylvania or Ohio law. Republic does not seek dismissal of Count II as to the "Five Loans" or Count III as to three of the Five Loans.

PNC, in response, contends that the Amended Complaint states valid claims in all respects. PNC reasons that proposed declarations (a) and (b) apply to the "requirements for filing a claim," such that a determination of the parties' dispute would be broadly applicable to ongoing and future claims. As to proposed declaration (i) (tolling of claims), PNC denies that it is attempting to expand its rights and argues that the requested relief should not be precluded at this stage of the case. PNC contends that even if the remaining proposed declarations are duplicative of the breach of contract claim, they should not be dismissed at this stage. PNC

further contends that declaratory relief is necessary to resolve the parties' ongoing coverage disputes. As to the breach of contract claim, PNC contends that it has pled all of the elements of the cause of action (contract, breach and damages) and given Republic fair notice of its claims. PNC argues that it need not provide specifics regarding each individual loan, as the resulting complaint would be thousands of pages. Finally, as to the bad faith claims which Republic alleges are governed by Minnesota and Indiana law, PNC contends that the choice of law provisions in the contracts do not bar tort-type claims, citing *Smith v. Lincoln Ben. Life Co.*, 2009 WL 789900 *7-9 (W.D. Pa. 2009).

The Court concludes that the Amended Complaint complies with the Federal Rules of Civil Procedure and is not subject to dismissal. The interpretation of the rights and duties of parties under an insurance contract is a classic example for which declaratory relief is appropriate. *See Riehl v. Travelers Ins. Co.*, 772 F.2d 19, 22-23 (3d Cir. 1985) (a case is justiciable where the essential facts establishing a right to declaratory relief have already occurred). The Court declines to exercise its discretion, at this stage of the case, to dismiss Count I. The Court appreciates the contention of Republic that paragraphs (a), (b) and (i) of the Prayer for Relief may seek declarations that are overbroad and/or inappropriate. However, those matters will be better resolved on a more fully-developed record.

The Amended Complaint also provides Republic with fair notice and sufficient specificity regarding the breach of contract claim in Count II. Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim." PNC has identified the insurance contracts and disputed loans at issue, has provided detailed examples of each category of the alleged breaches by Republic, and has pled damages. Republic will have the opportunity during discovery to develop the record regarding each individual loan.

A "bad faith" claim is properly pled in Count III of the Amended Complaint. As explained above, the "short and plain statement" required by Fed. R. Civ. P. 8 does not require detailed allegations as to each individual loan. It is sufficient that Republic has fair notice of the generalized conduct which PNC alleges was in bad faith. It is premature to dismiss the bad faith claims based on the Minnesota and Indiana loans, as the choice of law provisions constitute a defense which is not yet fully developed. Those contractual provisions may not bar tort-type claims, *see Smith*, 2009 WL 789900 at *7-9, and Pennsylvania/Ohio law on insurer bad faith may not be inconsistent with Minnesota/Indiana law. Republic will have the opportunity during discovery to develop the record regarding each individual loan.

Conclusion

This appears to be a significant case between two sophisticated parties. The forty-two page Amended Complaint is sufficient to put Republic on notice of PNC's claims and is not subject to dismissal at the pleading stage. Republic will have ample opportunity to re-assert its contentions, if warranted, at the summary judgment stage. Accordingly, DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL (ECF No. 17) will be **DENIED**. Republic shall file its Answer on or before June 6, 2013.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


PNC BANK, N.A., )
             **Plaintiff,** )
         )
         ) **2:12-cv-1470**
         v )
REPUBLIC MORTGAGE INSURANCE )
COMPANY, )
            **Defendant.** )
         )
         )

## ORDER OF COURT

AND NOW, this 23rd day of May, 2013, it is hereby **ORDERED, ADJUDGED and**

**DECREED** that DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND

DEMAND FOR JURY TRIAL (ECF No. 17) is **DENIED**.

Republic shall file its Answer on or before June 6, 2013.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:    All counsel of record
        Via CM/ECF